UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff(s),<br><br>   v.<br><br>JAMES EDWARD HARRIS,<br><br>                  Defendant(s). | CASE NO. CR98-0577-KKE-1<br><br>ORDER DENYING DEFENDANT'S PETITION FOR  REIMBURSEMENT OF FUNDS |

      James Edward Harris pleaded guilty to bank robbery in December 1998.  Dkt. No. 32.  He was sentenced in June 1999 to a term of imprisonment and the Court also ordered him to, among other things, pay restitution.  *See* Dkt. No. 32.  In 2005, upon Harris's admission that he had violated the terms of his supervised release, the Court revoked Harris's supervised release, sentenced him to another term of imprisonment and ordered him to, among other things, pay restitution.  Dkt. No. 59.

      Harris was released from custody in 2006, but based upon Harris's probation officer's report that Harris had violated conditions of his supervision, the Court approved the probation officer's recommendation that Harris be placed in a residential reentry center.  Dkt. No. 60.  The probation officer noted that at that time, in May 2007, Harris's restitution balance was $4,546.00,

and that the remaining balance should be collected by the Financial Litigation Unit of the United States Attorney's Office. *Id*.

Harris was released from the residential reentry center on May 16, 2007. *See* Dkt. No. 64-1. As of August 12, 2024, Harris owes $1,063.28 in restitution. Dkt. No. 64-2.

In October 2023, the Government offset two federal stimulus payments to Harris and applied them toward his restitution balance via the United States Treasury Offset Program, 31 U.S.C. §§ 3716(c)(6), 3720A(c). *See* Dkt. No. 61 at 12; Dkt. No. 64-2 at 2. Harris filed a petition for reimbursement of those amounts, suggesting that his restitution obligation has expired and he is therefore entitled to a return of those payment offsets. Dkt. No. 61.

Harris is mistaken. Liability for a federal criminal restitution judgment continues until "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." 18 U.S.C. § 3613(b). As discussed above, after his sentence was imposed in 1999 and Harris was eventually released from custody, the Court imposed two additional custodial terms for violations of his conditions of supervised release and ordered Harris to pay restitution most recently in 2005. Dkt. Nos. 59, 60. Harris's most recent "release from imprisonment" did not occur until May 16, 2007, when he was released from the residential reentry center. *See* Dkt. No. 64-1. The Government asserts that Harris's restitution obligation will therefore not expire until May 16, 2027 (Dkt. No. 63), and Harris did not file any reply brief contesting that analysis.

As the Court agrees with the Government that Harris's restitution obligation has not yet expired under 18 U.S.C. § 3613(b), Harris has not shown that he is entitled to reimbursement of the offset payments. The Court therefore DENIES Harris's petition for reimbursement. Dkt. No. 61.

Dated this 3rd day of September, 2024.

*Kymberly K Evanson*
───────────────────────────
Kymberly K. Evanson
United States District Judge